[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner has instituted this habeas corpus action which claims ineffective assistance of counsel. He contends he entered a plea of guilty in Stamford Superior Court on June 3, 1998 to various charges in reliance on advise of his counsel. As a result of his plea of guilty, that court imposed a sentence of ten years. The petitioner states that at the time of his plea he had other outstanding charges in the Norwalk CT Page 16300 Superior Court, and his public defender Lisa Stevens assured him that the sentence in the Norwalk court would run concurrent with the sentence imposed in Stamford Superior Court. The Norwalk court subsequently imposed a sentence of ten years, suspended after two and one half years, which was to be served consecutive to the ten years sentence imposed in Stamford.
The evidence has established the petitioner had been arrested in Stamford, Connecticut in 1998 for various larcenies. At the time of his arrest he also had felony charges pending against him in Norwalk and New London, Connecticut. In addition he was also on probation for five years for a previous sentence in Norwalk, Connecticut. The petitioner was defended in Stamford by Lisa Stevens who was appointed as his public defender. His public defender in New London was Robin Watkins, and in Norwalk his public defender was Mary Reid.
In Stamford the petitioner was exposed to forty years on all the outstanding offenses and Lisa Stevens obtained a plea bargain of ten years to dispose of all the charges. At the time of his plea, Attorney Stevens disagreed with the petitioner as to the amount of time he would be required to serve on that sentence. The petitioners criminal record prevented the attorney from knowing the time he would be required to serve before he would be eligible for parole. The petitioner's claim that she represented to him he would only be required to serve 50% of his sentence has no merit.
The further claim of the petitioner that Lisa Stevens represented to him that the sentence in Norwalk would run concurrent with the sentence imposed in Stamford also fails to have any merit. At the time of the sentence in Stamford, Lisa Stevens did not represent him in Norwalk, and she had no control of the ultimate disposition of those cases. Mary Reid who represented the petitioner in Norwalk advised this court there were no offers made or plea agreement regarding his sentence and therefore she never advised Attorney Stevens that the sentence would run concurrently. Since Norwalk was waiting for the disposition of the Stamford case, the Prosecutor in Norwalk would not discuss any disposition with Mary Reid prior to the resolution of the cases in Stamford. After the Stamford sentence was imposed, the petitioner was then offered a plea bargain of 12 years concurrent, or 2 years consecutive on the charges in Norwalk to be served, in addition to the ten year sentence imposed in Stamford.
At the time of sentence in Stamford the petitioner stated he understood the agreed sentence of 10 years to serve with a termination of his present probation. He also stated to the court no other promises were made to him to get him to plead guilty, and that he had no alcohol or drugs, nor was he receiving care for psychiatric reasons. That court then found CT Page 16301 the petitioner had effective assistance of counsel and there was a factual basis for the plea. When sentenced in Norwalk to ten years suspended after two and one half years which was to be served consecutive to the ten year sentence that he was serving, the petitioner was canvassed by that court. He then stated to the court he had competent advice from his attorney, and that he voluntarily agreed with the sentence to be imposed. He made no claim at that time that his sentence was to be served concurrently with the Stamford sentence.
After the petitioner was sentenced in Norwalk he then received a letter on June 19, 1998 from the Parole Board advising him that he would not be eligible for parole until he had served 85% of his sentence. Attorney Stevens prior to that letter could not guarantee the petitioner he would be eligible for parole after serving 50% of his sentence, and she also didn't know how the Parole Board would be influenced by his record, and the offenses committed. The petitioner subsequently discussed the withdrawal of his plea in Stamford with Attorney Stevens, but the record does not establish that she was requested to take legal action to withdraw the plea.
The original petition filed by the petitioner and the amended petition relate to claims of uneffective assistance of counsel relating to the sentences imposed in Stamford and Norwalk. Any other claims relating to petitioners mental condition at the time of sentencing, or relating to withdrawal of his pleas are not alleged or are they claimed in the pleadings.
The claims of the petitioner are contradicted by the testimony of the attorneys who represented him, and also by the record at the time of the imposition of the sentences in Stamford and Norwalk. This court finds the claims of the petitioner are not credible.
For the foregoing reasons the petition is dismissed.
Howard F. Zoarski, Judge Trial Referee.